IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH A. MOSS NICHOLS, | : | |
| Plaintiff, | : | |
| vs. | : | CIV. ACT. NO. 1:21-cv-258-TFM-M |
| CIRCLE K STORES, INC., | : | |
| Defendant. | : | |

## ORDER

Pending before the Court is Plaintiff's *Motion for Leave to File Amended Complaint*. Doc. 5, filed June 2, 2021. Plaintiff Deborah A. Moss Nichols ("Plaintiff" or "Nichols") requests, pursuant to Fed. R. Civ. P. 15(a)(2), the Court grant Plaintiff leave to file her proposed First Amended Complaint (Doc. 5, Exhibit A). On June 3, 2021, this Court ordered Defendant Circle K Stores, Inc. ("Defendant" or "Circle K") to show cause why this motion should not be granted. Doc. 6. On June 14, 2021, Defendant filed *Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint*. Doc. 7. Accordingly, after a careful review of the motion, response, and the relevant law the Court **DENIES** Plaintiff's motion.

### I. Factual and Procedural Background

Plaintiff filed this action on May 4, 2021, in the Circuit Court of Mobile County, Alabama. Doc. 1-1. Plaintiff alleges that on July 25, 2019, she sustained injuries when she tripped on an unmarked curb at a gas pump and fell. Plaintiff contends that her injuries are the result of Defendant's negligence and wantonness. Defendant allegedly failed to remedy a premises defect or failed to warn Plaintiff of the defect. Consequently, Plaintiff seeks a judgment awarding her compensatory and punitive damages. *Id*.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH A. MOSS NICHOLS, | : | |
| Plaintiff, | : | |
| vs. | : | CIV. ACT. NO. 1:21-cv-258-TFM-M |
| CIRCLE K STORES, INC., | : | |
| Defendant. | : | |

## ORDER

Pending before the Court is Plaintiff's *Motion for Leave to File Amended Complaint*. Doc. 5, filed June 2, 2021. Plaintiff Deborah A. Moss Nichols ("Plaintiff" or "Nichols") requests, pursuant to Fed. R. Civ. P. 15(a)(2), the Court grant Plaintiff leave to file her proposed First Amended Complaint (Doc. 5, Exhibit A). On June 3, 2021, this Court ordered Defendant Circle K Stores, Inc. ("Defendant" or "Circle K") to show cause why this motion should not be granted. Doc. 6. On June 14, 2021, Defendant filed *Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint*. Doc. 7. Accordingly, after a careful review of the motion, response, and the relevant law the Court **DENIES** Plaintiff's motion.

### I. Factual and Procedural Background

Plaintiff filed this action on May 4, 2021, in the Circuit Court of Mobile County, Alabama. Doc. 1-1. Plaintiff alleges that on July 25, 2019, she sustained injuries when she tripped on an unmarked curb at a gas pump and fell. Plaintiff contends that her injuries are the result of Defendant's negligence and wantonness. Defendant allegedly failed to remedy a premises defect or failed to warn Plaintiff of the defect. Consequently, Plaintiff seeks a judgment awarding her compensatory and punitive damages. *Id*.

On May 28, 2021, Defendant removed this case from state court to this Court. Doc. 1. On June 2, 2021, Plaintiff filed a *Motion for Leave to File Amended Complaint*. Doc. 5. Plaintiff requests leave to file an amended complaint based on recently identifying Zanclinzette Washam ("Washam") as the person in charge of the Circle K where the injury happened. *See* Doc. 5. Plaintiff avers that this Court should grant her leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2). *Id.* Rule 15(a)(2) states, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave [for a party to amend its pleading] when justice so requires." Defendant filed its response in opposition to the motion to amend. Doc. 7. Defendant contends that Fed. R. Civ. P. 15(a) does not apply and argues that the applicable analysis is pursuant to 28 U.S.C. § 1447(e). Accordingly, Defendant contends that this Court should deny Plaintiff's motion because Plaintiff seeks to add Washam to destroy diversity jurisdiction.

## II. DISCUSSION AND ANALYSIS

Defendant's position is that the special provisions of 28 U.S.C. § 1447(e) apply because the post-removal addition of Washam, purportedly a resident of Alabama, in Plaintiff's First Amended Complaint would destroy diversity jurisdiction. The Court agrees. The statute states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *See, e.g., Portis v. Wal-mart Stores, Inc.,* Civ. Act. No. 1:07-cv-557, 2007 U.S. Dist. LEXIS 77939, at *8, 2007 WL 3086011, at *2 (S.D. Ala. Aug. 31, 2017) (citing cases which note 28 U.S.C. § 1447(e) trumps Fed. R. Civ. P. 15 in such circumstances). "[I]n most cases a plaintiff is liberally allowed to join a new defendant, in an instance where the amended pleading would name a new non-diverse defendant in a removed case,

the district court should more closely scrutinize the pleading and be hesitant to allow the new non-diverse defendant to join." *Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x. 514, 517 (11th Cir. 2019). "[A] district court must scrutinize more closely an amended pleading that would name a new, nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining a federal forum." *Holloway v. Dolgencorp, LLC*, Civ. Act. No. 3:18-cv-1072, 2020 U.S. Dist. LEXIS 49229, at *4, 2020 WL 1488354, at *2 (M.D. Ala. Mar. 23, 2020). The guiding authority for applying this statute in district courts comes from the Fifth Circuit's decision in *Hensgens v. Deere & Co*, in which the Court outlined four factors that courts now consider as part of the Section 1447(e) inquiry— "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." 833 F.2d 1179, 1182 (5th Cir. 1987);[1] *see also Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (citing *Hensgens* and its factors). Application of the *Hensgens* factors weigh in favor of denying Nichols' motion to amend complaint. The Court will address each of these factors in turn.

The first factor considers the extent to which the purpose of the amendment is to defeat federal jurisdiction. Based on the pleadings, it appears that Washam was added to this suit solely to destroy diversity jurisdiction. The accident that forms the basis of this action happened at a Circle K gas station in Mobile, Alabama on July 25, 2019. Almost two years later, this action was filed on May 4, 2021, in the Circuit Court of Mobile County, Alabama. On May 28, 2021, Circle

---

[1] The *Hensgens* decision preceded the adoption of 28 U.S.C. 1447(e). These factors or similar factors have been applied in other circuits. *See, e.g.*, *Schur v. L.A. Weight Loss, Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999).

K removed the action to this Court and within days, Nichols filed a motion seeking leave to amend its complaint to add the person in charge of the Circle K, Washam, who is a purported Alabama resident. In Nichols' motion, she fails to explain why, in nearly two years after the accident, she was only able to identify the person in charge of the Circle K within days after the notice of removal was filed. Doc. 7 at 4. Nichols also fails to explain why Washam is important to her case. *Id.* The timing of Nichols's motion to amend suggests that its sole purpose is to destroy diversity jurisdiction.

Circle K also argues that Nichols' proposed amended complaint fraudulently joins Washam in an attempt to defeat diversity jurisdiction. Though technically a separate issue and argument, the Court finds that the analysis further ties into the discussion on the first factor from *Hensgens*. Pursuant to 28 U.S.C. § 1332, to establish federal jurisdiction there must be complete diversity—every plaintiff is diverse from every defendant. *See Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Fraudulent joinder is a judicially created doctrine that allows an action to be removed from state court, even when the parties lack complete diversity, if the plaintiff's joinder of a non-diverse party was fraudulent. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The Eleventh Circuit has defined joinder as fraudulent in three situations: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; or (3) when a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Id.*

Circle K contends that Washam would be fraudulently joined because there is no possibility that Nichols can prove a cause of action against her. Circle K bases this assertion on a diligent

search of its personnel records for the Circle K store listed in Nichols' complaint, in which it found no record of Washam ever being employed at that location. *See* Doc. 7-1 at ¶ 4. Circle K supports it argument of fraudulent joinder with an affidavit of Joyce Clemmons, Circle K's Human Resources Manager, which states the company has no record of Washam "being employed at any of its locations in any capacity at any time." *Id*. at ¶ 5. Since Washam was not an employee, she could not have been the "person in charge of the Circle K where the injury happened." Doc. 5 at ¶ 1. Therefore, it would appear that Nichols could not prove a cause of action against Washam and the proposed amended complaint attempts to fraudulently join Washam to defeat federal jurisdiction.

The second *Hensgens* factor considers whether the plaintiff has been dilatory in asking for amendment. "A plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along." *Hickerson v. Enterprise Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 885-86 (11th Cir. 2020). The Court finds that Nichols' motion to amend is dilatory because Nichols waited until after Circle K moved the case to federal court to move to amend and add the non-diverse person she alleges was in charge of Circle K. As the Eleventh Circuit has noted, the outcome is different when the plaintiff moves to amend the complaint prior to removal. *See Dever,* 755 F. App'x at 870. Here, unlike the plaintiff in *Dever*, Nichols did not attempt to amend her complaint until after it was removed to federal court.[2] Further, she provides no information on why, in nearly two years since the accident occurred, she did not previously find the information. In short, Nichols provides no explanation for her delay and therefore the

---

[2] This is not intended to fashion a hard-line rule of pre versus post removal. Rather that post-removal amendments are scrutinized more intensely.

timing of the attempt to amend is suspect.  The Court finds that in this instance, her delay is unreasonable and therefore dilatory.

The third factor considers whether plaintiff will be significantly injured if amendment is not allowed.  The Court finds that Nichols will not be significantly injured if the amendment to her Complaint is not permitted.  Nichols can maintain her current action for negligence and wantonness against Circle K in federal court while still pursuing her claims against Washam in state court should she wish to do so.  Thus, the lack of a significant injury weighs in favor of denying Nichols's motion.

The fourth and final factor considers equitable concerns.  The Court has a strong interest in not allowing parties to manipulate the proceedings and given the circumstances and timing of Nichols' motion to amend it appears that this motion is being used to do just that.  If the Court granted the motion, it would destroy diversity jurisdiction.  "Allowing a plaintiff to amend a complaint after removal for the purpose of defeating diversity jurisdiction smacks of gamesmanship."  *Holloway*, 2020 U.S. Dist. LEXIS 49229, at *3, 2020 WL 1488354, at *3.

### III.   CONCLUSION

After considering the motion, response, and relevant law, the Court concludes that the balance weighs against Nichols's motion to amend.  Accordingly, for the reasons as stated, and for good cause, it is **ORDERED** that Nichols's *Motion for Leave to File Amended Complaint* (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** this the 6th day of July 2021.

        s/Terry F. Moorer  
        TERRY F. MOORER  
        UNITED STATES DISTRICT JUDGE