# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH A. MOSS NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:21-cv-00258-TFM-MU |
| ) | |
| CIRCLE K STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Defendant Circle K Stores, Inc.'s Motion for Summary Judgment* (Doc. 34, filed 2/18/22) along with the incorporated brief and evidentiary support (Docs. 35, 36). Plaintiff timely responded (Doc. 38, filed 3/11/22) and Defendant timely replied (Doc. 39, filed 3/18/22). The motion has been fully briefed and is ripe for review. Having considered the motion, response, reply, and relevant law, the Court finds the motion for summary judgment (Doc. 34) is due to be **GRANTED**.

### I.    PARTIES, JURISDICTION, AND VENUE

Plaintiff is Deborah A. Moss Nichols ("Plaintiff" or "Nichols"), a citizen of Alabama. *See* Doc. 1-1 at ¶ 1; Doc. 1 at 2. She filed her complaint against Defendant Circle K Stores, Inc. ("Defendant" or "Circle K"), a corporation organized and existing under the laws of the State of Texas with its principal place of business in Arizona. *See id.*

The District Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

The parties do not contest personal jurisdiction or venue, and adequate evidence supports both in the Southern District of Alabama.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Neither party disputes the material facts, which are construed in the light most favorable to the Plaintiff. *See* FED. R. CIV. P. 56(e)(2). On July 25, 2019, Plaintiff, with her granddaughter, visited the Circle K store located at 3251 Dauphin Street, Mobile, Alabama, which she had been to "maybe two" times. Doc. 36-1 at 3. Plaintiff pulled up to pump four, exited the vehicle, took the nozzle out of the pump, and put it in her vehicle. *See id.* at 7-9. She then tried to get the store employees to turn on the pump. *See id.* at 8. At this time, an elderly gentleman walked around from the other side of the pump to tell her that she would have to go inside and prepay for gas. *See id.* Plaintiff turned to the gas pump to replace the nozzle, then turned to face her vehicle to get her granddaughter out of the car to go into the store. *See id.* at 8-9.

As she was unbuckling her granddaughter from her car seat, Plaintiff stepped back and the front end of her right foot caught the end of the gas pump island. *See id.* at 9. She fell forward and landed on her right shoulder. *See id* at 12.

Plaintiff testified that she did not see the gas pump island before her fall, although if she had seen it, she would have avoided it. *Id.* at 15. She also testified that there was nothing blocking her view of the island and that she never pulls close to the gas pump island because she knew she would "have to leave enough room to get [her granddaughter] out and be able to go to the pump too." *Id.* at 11, 15.

Defendant produced an affidavit by Joyce Clemmons, the Human Resources Manager of the 3251 Dauphin Street Circle K store, which states, "Since January 15, 2011, Deborah Moss Nichols's accident on July 25, 2019, is the only trip and fall accident involving the pump islands." Doc. 36-4.

Plaintiff brought suit against Defendant on May 4, 2021 in the Circuit Court of Mobile County, Alabama. Doc. 1-1. She brings two claims: negligence and wantonness. *Id.* at 2-3. On May 28, 2021, Defendant timely removed the suit to this District Court. Doc. 1. After discovery was completed, Defendant moved this Court to enter summary judgment in Defendant's favor on all claims.

### III.   STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a), (b). Summary judgment is appropriate when the moving party establishes there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also Ritchey v. S. Nuclear Operating Co.*, 423 F. App'x 955 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510).[1] At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. Only disputes about the material facts will preclude the granting of summary judgment. *Id.*

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

The movant bears the initial burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Fed. R. Civ. P. 56, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted) (citing *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553). "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1232 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510). The court must view the facts and draw all reasonable inferences in the non-moving party's favor. *Id*. (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)); *Greenberg*, 498 F.3d at 1265 ("We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion."). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356 (citations omitted). Conclusory assertions, unsupported by specific facts, that are presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511 (emphasis in original) (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing that is sufficient to establish the existence of an element that is essential to that party's case. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

## IV.   DISCUSSION AND ANALYSIS

### A.   Negligence (Count I)

A negligence claim requires the following: (1) a duty; (2) a breach of that duty; (3) an injury; and (4) actual and proximate cause between the breach of duty and the injury. *See McMahon v. Yamaha Motor Corp., U.S.A.*, 95 So. 3d 769, 771 (Ala. 2012). Premises owners do owe a duty to invitees, but the "mere fact of injury to the customer" does not raise a presumption

of negligence. *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So. 2d 874, 876 (Ala. 1982); *see Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 741 (Ala. 2009); *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978). Furthermore, owners have "no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, in the exercise of reasonable care on the invitee's part." *Dolgencorp, Inc.*, 28 So. 3d at 741-42 (citing *Ex parte Mountain Top Indoor Flea Mkt., Inc.*, 699 So. 2d 158, 161 (Ala. 1997)); *see also Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1194 (Ala. 2002) (arguing the "entire basis of [a store owner's] liability rests upon [its] superior knowledge of the danger"; where superior knowledge is lacking, no liability) (alterations in original).

Whether a condition is open and obvious is determined objectively. *See Dolgencorp, Inc.*, 28 So. 3d at 741-42; *Jones Food Co. v. Shipman*, 981 So. 2d 355, 362-63 (Ala. 2006). "A condition is 'open and obvious' when it is 'known to the [plaintiff] or *should have been observed* by the [plaintiff] in the exercise of reasonable care.'" *Denmark*, 844 So. 2d at 1194 (alterations in original, emphasis added) (quoting *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980)). Therefore, "the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap." *Sessions v. Nonnenmann*, 842 So. 2d 649, 653-54 (Ala. 2002).

Here, the undisputed facts, viewed in the light most favorable to Nichols, indicate that even if she did not see the gas pump island, she should have been aware of it "in the exercise of reasonable care[.]" *Dolgencorp, Inc.*, 28 So. 3d at 741-42. Nothing was blocking her view of the island. *See* Doc. 36-1 at 15. Nichols had previously seen similar islands at other gas stations and had even been to this gas station before. *See id.* at 3, 15. Shortly before her fall, Nichols observed an elderly customer walking around the island. *See id.* at 8. Moreover, there were no similar trip

and fall incidents involving the gas pump islands at this Circle K for eight years prior, indicating that many other patrons had no difficulties noticing and heeding the gas pump islands. *See* Doc. 36-4.

This case is analogous to *Clemons v. Wal-Mart Stores, Inc.*, Civ. Act. No. 06-0755-WS-B, 2007 U.S. Dist. LEXIS 61860, at *16, 2007 WL 2412908, at *5 (S.D. Ala. Aug. 20, 2007), in which the court granted a motion for summary judgment because "no reasonable customer in plaintiff's position would have been ignorant of the tripping hazard posed by a fully assembled full-sized red lawn mower parked in plain view in the aisle of a department store." Here, as there, the gas pump island was "in plain view" and "in no way hidden, veiled or obscured." *Id.*, 2007 U.S. Dist. LEXIS 61860 at *13-14, 2007 WL 2412908 at *4; Doc. 36-1 at 15.

Though Plaintiff argues that Defendant has failed to produce sufficient evidence showing that the dangerous condition of the fuel island was open and obvious, this Court finds otherwise. Doc. 38 at 3-4. Furthermore, Plaintiff has failed to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Jeffery*, 64 F.3d at 593-94.

Plaintiff argues that she does "not have to prove that the dangerous conditions of the fuel island were [not] open and obvious in order to defeat a motion for summary judgment." Doc. 38 at 3. This is correct. However, if Defendant makes its prima facie case, which it has done here, the burden shifts to Plaintiff to show "that there is a genuine issue for trial." *Jeffery*, 64 F.3d at 593-94.

Analyzing the second defense of contributory negligence is unnecessary because there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law as to the "open and obvious" defense. *See Greenberg*, 498 F.3d at 1263. Accordingly, summary judgment is due to be granted as to Count I.

**B.    Wantonness (Count II)**

Plaintiff has not opposed Defendant's motion as to her wantonness claim. *See* Doc. 38. Contrary to what Defendants argue (Doc. 39 at 6), this does not, on its own, automatically require the Court to grant summary judgment against that claim. *See United States v. 5800 SW 74th Ave*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("Thus, the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."); *Gailes v. Marengo Cnty. Sheriff's Dept*, 916 F. Supp. 2d 1238, 1242 (S.D. Ala. 2013) ("failure of a plaintiff to respond to a motion to dismiss (or portion thereof) does not of itself authorize the Court to treat any unaddressed claim as abandoned and to grant the motion (or portion) on that basis, without consideration of the merits"). This Court must still rule on the merits.

The Alabama Code defines "wantonness" as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." ALA. CODE § 6-11-20(b)(3) (1975). The Alabama Supreme Court recently defined "wantonness" as "the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Pruitt v. Oliver*, 331 So. 3d 99, 116 (Ala. 2021) (internal citation omitted).

Even viewed in the light most favorable to plaintiff, there is simply no evidence whatsoever that Circle K had "knowledge and consciousness" that injury to patrons was likely from their gas pump islands. *Phillips ex rel. Phillips v. United Servs. Auto. Ass'n*, 988 So. 2d 464, 470 (Ala. 2008) (internal citation omitted); *see also Ex parte Anderson*, 682 So. 2d 467, 470 (Ala. 1996) (granting summary judgment because "we can find no evidence that [Defendant] acted in a wanton manner").

In the Complaint, Plaintiff supports her wantonness claim by alleging that "Defendants knew or should have known of the defective condition of the curb and failed to either remedy the defect or warn the Plaintiff of the defect."  Doc. 1-1 at ¶ 12.  This statement, if true, would be relevant to a negligence claim, but not wantonness.  *See Pruitt*, 331 So. 3d at 116.  Furthermore, Plaintiff provides no evidence beyond the original Complaint to even support such a claim.

Accordingly, summary judgment is due to be granted as to Count II.

### V.  CONCLUSION

From the foregoing discussion and analysis, it is hereby **ORDERED** that *Defendant Circle K Stores, Inc.'s Motion for Summary Judgment* (Doc. 34) is **GRANTED**.  Final judgment will be entered pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this the 18th day of July 2022.

s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
